[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-------------------------------------------

No. 06-14644
Non-Argument Calendar

-------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2007
THOMAS K. KAHN
CLERK

BIA Nos. A97-624-191 & A97-624-192

GABRIEL SALVATIERRA,
NILDA ROJAS-DE SALVATIERRA,
DANIELA SALVATIERRA,
GISELE SALVATIERRA,
CRISTIAN SALVATIERRA,
JUAN SALVATIERRA,

                                             Petitioners,

                      versus

U.S. ATTORNEY GENERAL,

                                             Respondent.

-----------------------------------------------------------------

Petition for Review of a Decision of the
Board of Immigration Appeals

-----------------------------------------------------------------

**(June 19, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Gabriel Salvatierra, his wife Nilda Rojas-De Salvatierra, and their four children, natives and citizens of Argentina,[1] petition for review of the adoption and affirmance by the Board of Immigration Appeals ("BIA") of the decision of the immigration judge ("IJ"). The decision denied asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). No reversible error has been shown; we dismiss the petition in part and deny it in part.

Because the BIA expressly adopted the IJ's decision, we review only the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). An IJ's factual determination that an alien is unentitled to asylum "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "Under this highly deferential test, we affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation and alteration omitted). "To reverse the IJ's fact findings, we must find that the record not only supports

---

[1] Salvatierra included his wife and children as derivatives in his asylum application. We refer only to Salvatierra in this opinion; but our decision about Salvatierra also applies to his wife and children.

2

reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

We address Salvatierra's asylum claim first. The IJ determined that Salvatierra's asylum application was untimely and that extraordinary circumstances did not excuse the untimely filing.[2] The government asserts that we lack jurisdiction to review the IJ's determination that Salvatierra was ineligible for asylum.

We review "questions of subject matter jurisdiction de novo." Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). An asylum application must be "filed within [one] year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An untimely application "may be considered . . . if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ." 8 U.S.C. § 1158(a)(2)(D). But the determination of whether an alien can apply for asylum is left exclusively to the Attorney General; so we do not have jurisdiction to review a decision about whether an alien complied with the one-year time limit or

---

[2]Salvatierra entered the United States in February 2001; and his wife and children entered the United States in March 2001. Salvatierra filed his asylum application in July 2003.

3

established circumstances that would excuse his untimely filing. Chacon-Botero

v. U.S. Attorney Gen., 427 F.3d 954, 957 (11th Cir. 2005).

Therefore, we do not have jurisdiction to review the IJ's determination that

Salvatierra's asylum application was untimely. We also lack jurisdiction to review

the IJ's determination on whether extraordinary circumstances excused the

untimely filing of Salvatierra's asylum application. Id. We dismiss Salvatierra's

petition for review on his asylum claim.[3]

We now address Salvatierra's withholding of removal claim. An alien

seeking withholding of removal must show that his life or freedom would be

threatened because of a protected ground, such as political opinion. See 8 U.S.C.

§ 1231(b)(3)(A). Therefore, an alien bears the burden of demonstrating that he

more-likely-than-not would be persecuted or tortured upon return to his country of

nationality.[4] Mendoza, 327 F.3d at 1287. "An alien cannot demonstrate that he

---

[3]We note that the jurisdictional provisions of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310 (2005), do not affect this conclusion because, although the REAL ID Act provides that we retain jurisdiction over "constitutional claims or questions of law raised upon a petition for review," see 8 U.S.C. § 1252(a)(2)(D), the IJ's determination of the timeliness of an asylum application is not a constitutional claim or a reviewable question of law. See Chacon-Botero, 427 F.3d at 957.

[4]If the alien establishes past persecution in his country based on a protected ground, it is presumed that his life or freedom would be threatened upon return to that country unless the government shows by a preponderance of evidence that, among other things, (1) the country's conditions have changed such that the alien's life or freedom would no longer be threatened; or (2) it would be reasonable for the alien to relocate to another part of the country. Mendoza, 327 F.3d at 1287. An alien who has not shown past persecution may be entitled to withholding of removal if he can demonstrate a future

4

more-likely-than-not would be persecuted on a protected ground if the IJ finds that the alien could avoid a future threat by relocating to another part of his country." Id.

Here, the IJ denied Salvatierra's withholding of removal claim on three grounds: (1) Salvatierra's failure to show a nexus between a protected ground and the alleged past persecution; (2) his failure to establish past persecution; and (3) his failure to show that the option of relocating within Argentina -- to avoid the threat against him -- was unavailable. We conclude that each of these findings is supported by substantial evidence.

Salvatierra produced no evidence of an actual or imputed political opinion that resulted in the alleged persecution. Salvatierra testified that he worked at Okasa, a courier company in Argentina, for several years until he left to work at his own courier company. After he left Okasa, Salvatierra received several threats, including a threat allegedly from his former boss at Okasa, explaining that Salvatierra needed to be careful and to stop what he was doing. Salvatierra testified that a threatening note was left at his house when his television was stolen and that some of his couriers were robbed and told to give him a warning. Even if we assume that Okasa was responsible for these acts and that Salvatierra was

threat to his life or freedom on a protected ground. See 8 C.F.R. § 208.16(b)(2).

correct that his former employer had a "tight relationship" with the Argentinian government, Salvatierra has not shown that his refusal to cooperate with his former employer constituted a political opinion.[5]

And the record does not compel the conclusion that the acts against Salvatierra constituted persecution. Salvatierra testified that he received threats for several years; but he acknowledged that neither he nor his family was physically harmed. Substantial evidence supports the IJ's conclusion that Salvatierra did not suffer persecution. See Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000) (explaining that persecution is an "extreme concept," which "requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty" and that "[n]ot all exceptional treatment is persecution").

Substantial evidence also supports the IJ's conclusion that Salvatierra did not show that he would continue to have problems in Argentina if he relocated to a different part of the country. Even though Salvatierra testified that he would not be safe in Argentina, he did not indicate that he attempted to relocate within that country. And the record, which included State Department Country Reports on

_____

[5]Salvatierra also testified that persons working for the "post office workers union" came to his business, asked to see certain documentation, and told Salvatierra to pay them a fee. The record does not show that Salvatierra's refusal to pay the requested fee imputed a certain political opinion to him.

Argentina's human rights practices, does not show that Okasa presented a country-wide threat. In fact, Salvatierra testified that he was not aware of other private courier companies in Argentina having the same problems as he experienced. Salvatierra has not demonstrated that the option of relocating within Argentina is unavailable; so he has not established a well-founded fear of future persecution. See Mazariegos, 241 F.3d at 1327.

Because Salvatierra has failed to establish that he more-likely-than-not would be persecuted in Argentina, he also has not established "torture" sufficient to warrant CAT relief. See 8 C.F.R. § 208.16(c)(2) (explaining that, to obtain CAT relief, the burden is on the alien to establish that it is "more likely than not" that he will be tortured in his country of origin). We deny Salvatierra's petition on his withholding of removal and CAT relief claims.

**PETITION DISMISSED IN PART AND DENIED IN PART.**